UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELADIO CORONA and JOSE CORONA, ) <br> on behalf of themselves and all other persons ) <br> similarly situated, known and unknown, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> J & C OF GENEVA CORPORATION d/b/a ) <br> OLD TOWNE PUB & EATERY and ) <br> CHRISTOPHER CELLINI, individually, ) <br> ) <br> Defendants. ) | Case No. <br><br> Judge |

**COMPLAINT**

Plaintiffs Eladio Corona and Jose Corona ("Plaintiffs"), through their attorneys, on behalf of themselves and all other persons similarly-situated, known and unknown, for their Complaint against J & C Geneva Corporation d/b/a Old Towne Pub & Eatery (hereinafter "J & C") and Christopher Cellini, individually (hereinafter "Cellini")(collectively "Defendants"), state as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs and other similarly-situated persons. Plaintiffs also bring individual claims under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for Defendants' failure to compensate them for all time worked during their final two weeks of employment.

2. During the prior three years, Plaintiffs and other similarly-situated employees

worked for Defendants as cooks at Defendants' restaurant Old Towne Pub & Eatery.

3. While Plaintiffs and other similarly-situated persons worked for Defendants in excess of forty (40) hours per week in one or more individual work weeks during the last three years, Defendants did not pay them overtime at a rate of one and one-half times their regular rates of pay, and instead paid them their regular rates of pay for all time worked.

4. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as representative party plaintiffs in this FLSA overtime lawsuit are attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiffs' FLSA claims, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiffs' IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

8. Plaintiffs reside in and are domiciled in this judicial district.

9. Defendant J & C is an Illinois corporation.

10. Defendant J & C operates a restaurant, Old Towne Pub & Eatery, located at 201 W. State St., Geneva, Illinois, 60134.

11. Defendant Cellini is the President and owner of Defendant J & C.

12. Defendant Cellini is involved in the day-to-day business operations of Defendant J & C. Among other things, Mr. Cellini has the authority to hire and fire employees, to direct and

supervise the work of employees, to sign on the checking accounts, including paychecks, and to participate in decisions regarding employee compensation and capital expenditures.

13. Defendant J & C is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

14. Defendant J & C is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

15. During the last three years, Defendant J & C's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

16. During the course of their employment with Defendant J & C, Plaintiffs handled goods, including perishable produce and other food products that moved in interstate commerce.

17. Defendant J & C was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

18. Defendant J & C was Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

19. Defendant J & C was Plaintiffs' "employer" as defined by the IWPCA. 820 ILCS 115/2.

20. Plaintiffs were Defendant J & C's "employee(s)" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

21. Plaintiffs were Defendant J & C's "employee(s)" as defined by the IMWL. 820 ILCS 105/3(d).

22. Plaintiffs were Defendant J & C's "employee(s)" as defined by the IWPCA. 820 ILCS 115/2.

23. Defendant Cellini was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

24. Defendant Cellini was Plaintiffs' "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

25. Defendant Cellini was Plaintiff's "employer" as defined by the IWPCA, 820 ILCS 115/2 and 820 ILCS 115/13.

26. Plaintiffs were Defendant Cellini's "employee(s)" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

27. Plaintiffs were Defendant Cellini's "employee(s)" as defined by the IMWL. 820 ILCS 105/3(d).

28. Plaintiffs were Defendant Cellini's "employee(s)" as defined by the IWPCA, 820 ILCS 115/2.

29. Upon information and belief, Defendant Cellini resides in this judicial district.

**BACKGROUND FACTS**

30. Plaintiff Eladio Corona worked at Defendant J & C as a cook from approximately May 2013 until approximately September 11, 2015.

31. Plaintiff Jose Corona worked at Defendant J & C as a cook from approximately May 2013 until approximately September 10, 2015.

32. Plaintiffs' duties included, but were not limited to, the following: dishwashing, cleaning the entire restaurant (including bathrooms), sweeping, mopping, frying foods, food prep, and cooking.

33. Defendants classified Plaintiffs and other cooks as exempt from the overtime provisions of the FLSA and the IMWL.

4

34.     During the last three years, Defendants regularly directed Plaintiffs and other similarly-situated employees to work more than forty hours in individual work weeks.

35.     Defendants paid Plaintiffs and other similarly-situated employees a salary, and did not pay them overtime at a rate of one and one-half times their regular rates of pay for time worked in excess of forty (40) hours during individual work weeks.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Plaintiffs on their own behalf and on behalf of similarly situated employees)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

36.     This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201 *et seq.*, for their failure to pay Plaintiffs and other similarly-situated employees overtime wages at a rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours during individual work weeks.

37.     Plaintiffs and other similarly-situated employees worked for Defendants as cooks and at no time were they exempt from the overtime pay provisions of the FLSA.

38.     In one or more work weeks during the last three years, Plaintiffs and similarly-situated employees worked for Defendants in excess of forty (40) hours per week.

39.     For example, for the bi-weekly pay period ending August 2, 2015, Plaintiff Jose Corona worked 181.53 hours.  See Exhibit B, attached hereto.

40.     Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours during individual work weeks.

41.     In one or more work weeks during the last three (3) years, Defendants did not pay

Plaintiffs one and one-half times their regular rate for the time they worked over forty (40) hours in individual work weeks, and instead paid them their straight time regular rate for all time worked.

42.     For example, during the pay period ending July 6, 2014, Defendants paid Jose Corona a salary of $1,400, of which $1,300 was paid in check and $100 was paid to him in cash. Plaintiff Jose Corona worked more than 136 hours in this pay period, and was paid his regular rate of pay for all time he worked, including overtime hours. In addition, during the pay period ending June 21, 2015, Defendants paid Jose Corona a salary of $1,500, of which $1,300 was paid in check and $200 was paid to him in cash. Plaintiff worked more than 136 hours in this pay period, and was paid his regular rate of pay for all time he worked, including overtime hours. See Group Exhibit C attached hereto.

43.     For example, during the pay period ending July 6, 2014, Defendants paid Eladio Corona a salary of $1,750, of which $1,650 was paid in check and $100 was paid to him in cash. Plaintiff Eladio Corona worked more than 138 hours in this pay period, and was paid his regular rate of pay for all time he worked, including overtime hours. In addition, during the pay period ending April 12, 2015, Defendants paid Eladio Corona a salary of $1,750, of which $1,400 was paid in check and $350 was paid to him in cash. Plaintiff worked more than 138 hours in this pay period, and was paid his regular rate of pay for all time worked including overtime hours. See Group Exhibit C attached hereto.

44.     Pursuant to 29 U.S.C. § 207, similarly-situated employees, were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

45.     In one or more work weeks during the last three (3) years, Defendants did not pay similarly-situated employees one and one-half times their regular rates of pay for all time worked

over forty (40) hours in individual workweeks, and instead paid them at their straight time regular rates for all time worked.

    46.    Defendants violated the FLSA by failing to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

    47.    Defendants violated the FLSA by failing to pay similarly-situated employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

    48.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and other similarly-situated employees have suffered a loss of income and other damages. They are entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

WHEREFORE, Plaintiffs and other similarly-situated employees pray for a judgment against Defendants as follows:

    A.    designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

    B.    judgment that Plaintiffs and other similarly-situated employees are non-exempt employees protected by the overtime provisions of the FLSA;

    C.    judgment against Defendants for violation of the overtime provisions of the FLSA;

    D.    judgment that Defendants' violations of the FLSA were willful;

    E.    an award of owed overtime wages for all overtime worked by Plaintiffs and similarly-situated employees during the prior three years;

    F.    liquidated damages in an amount equal to the amount of unpaid overtime wages;

    G.    reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

    H.    such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiffs individually)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 48 of this Complaint, as if fully set forth herein.

49. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiffs overtime pay at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

50. During the last three years, Defendants required Plaintiffs to work more than forty (40) hours in one or more individual work weeks.

51. At no time during their employment by Defendants were Plaintiffs exempt from the overtime provisions of the IMWL.

52. For all time worked in excess of forty (40) hours in an individual work week, Plaintiffs were entitled to be paid one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours.

53. Defendants did not pay Plaintiffs overtime at one and one-half times their regular rate, and instead paid Plaintiffs their straight time regular rate for all time worked over forty (40) hours during one or more individual work weeks.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered a loss of income and other damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. judgment in the amount of all back wages owed to Plaintiffs under the IMWL;

B. prejudgment interest on the back wages owed to Plaintiffs in accordance with 815 ILCS 205/2;

C. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

8

D.  reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

E.  such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

55.  Defendants and Plaintiffs had an agreement or understanding that Defendants would pay Plaintiffs their hourly rate of pay for all time they worked each work week.

56.  Despite Defendants' agreement to pay Plaintiffs for all time they worked, Defendants failed to compensate Plaintiffs for their last two weeks of employment at the rate the Parties agreed.

57.  Defendants failed to pay Plaintiff Eladio Corona for approximately 105 hours of work during his last two weeks of employment.

58.  Defendants failed to pay Plaintiff Jose Corona for approximately 63 hours of work during his last two weeks of employment.

59.  Defendants violated the IWPCA by refusing to compensate Plaintiffs for all time they worked for Defendants and failing to pay Plaintiffs their final compensation. 815 ILCS 115/4, 115/5.

60.  Plaintiffs have been damaged by Defendants' failure to compensate them for all time they worked.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.  A judgment in the amount of all back wages due, as provided by the IWPCA;

      B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

      C.      An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

      D.      Such other and further relief as this Court deems appropriate and just.

          Respectfully submitted,

Dated: October 29, 2015        s/Maureen A. Salas
                             One of Plaintiffs' Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs